UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 24-CR-332 (ACR) |
| | : | |
| v. | : | |
| | : | |
| NAHVARJ MILLS, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's Motion to Disqualify the Judge. *See* 8/21/25 Minute Order. In his motion, the defendant argues that the Court should be disqualified from these proceedings pursuant to 28 U.S.C. § 445(a) and (b)(1) because the Court engaged in "inappropriate ex parte conduct" by speaking with him in the cellblock without his counsel following his October 24, 2024 hearing. In addition, the defendant points to various rulings made by the Court during the proceedings which he claims demonstrate the Court's bias. For the reasons set forth below, the defendant's motion should be denied.

### LEGAL BACKGROUND

Section 455(a) of Title 28 of the United States Code states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court has explained that "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 865 (1988). The legal standard is an objective one that inquires whether a "reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.,* 253

F.3d 34, 114 (D.C. Cir. 2001). It is well established, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions formed by a judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Judicial rulings are proper grounds for appeal, not recusal. *Id.*

"To be disqualifying, the court's bias and prejudice 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *United States v. Barry,* 938 F.2d 1327, 1340 (D.C. Cir. 1991) (internal citations omitted). "Although a legal ruling may not itself serve as the basis for a motion to disqualify, a particular judicial ruling 'can be *evidence* of an extrajudicial bias or prejudice.'" *Id.* A judge need not, however, "recuse himself because of 'unsupported, irrational, or highly tenuous speculation.'" *United States v. DeTemple,* 162 F.3d 279, 287 (4th Cir. 1998) (internal citations omitted).

When considering a motion for recusal, "there is no support for the position that the facts alleged in the papers submitted by a person relying on section 455 must in every case be accepted as true, whether the papers be a verified memorandum or are in some other form." *United States v. Heldt,* 668 F.2d 1238, 1271 (D.C.Cir.1981). "The very fact that section 455 is addressed directly to the judge makes it evident that some evaluation by the court of the facts giving rise to the motion is anticipated in most cases." *Id.* Moreover, it is in the trial court's discretion whether to hold a hearing on a party's motion for recusal. *Id.* at 1271–72.

## ANALYSIS

Here, the defendant claims that the Court "taunted and intimidated" him when the Court spoke with him in the cellblock on October 24, 2024. However, as the Court stated on the record at the August 21, 2025 hearing, the Court saw the defendant for less than three minutes to inform him that his competency evaluation would be the following Tuesday, rather than the next day, because of the evaluator's schedule, and that the next hearing date would be the subsequent Monday. A U.S. Marshal was present during the Court's interaction with the defendant. This is corroborated by the Court's October 24, 2024 email, which was sent to the parties immediately following the cellblock conversation (and also read into the record at the August 21, 2025 hearing). Indeed, the defendant's counsel did not object to the Court's actions at the time. Accordingly, there is no basis to credit the defendant's "unsupported, irrational, and highly tenuous" allegations against the Court. *See DeTemple*, 162 F.3d at 287.

Nor has the defendant identified anything in the record that would support his claim that the Court had any bias against him. Instead, the defendant merely highlights various adverse rulings made during the course of the trial with which he disagrees. However, the Court's rulings were based upon its analysis of the legal standards, prevailing case law, and facts of the case, and were set forth in oral and written opinions, including the Memorandum Opinion Denying Motion for Acquittal/Motion for New Trial, ECF 85. As discussed above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are instead appropriately addressed through the appellate process. *See Liteky,* 510 U.S. at 555. The defendant has not shown that any aspect of the Court's rulings was tainted by bias. Instead, he merely complains that the Court has ruled unfavorably against him, without identifying any improper reliance by the Court

on extrajudicial facts or evidence. As such, his complaints are not proper grounds for recusal. *See Klayman v. Judicial Watch, Inc*., 628 F. Supp. 2d 98, 101 (D.D.C. 2009).

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court deny the defendant's motion for disqualification.

        Respectfully submitted,

        JEANINE PIRRO
        UNITED STATES ATTORNEY


By:    */s/ Kathleen Houck*
      KATHLEEN HOUCK
      PA Bar No. 325947
      DC Bar No. 1659710

      CAROLINE BURRELL
      CA Bar No. 283687
      Assistant United States Attorney
      U.S. Attorney's Office
      601 D. Street NW
      Washington, D.C. 20579