# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States of America

v. **Case No. 24-cr-332 (ACR)**

Nahvarj Ellijah Ray Mills, Defendant

---

**AFFIDAVIT OF NAHVARJ ELLIJAH RAY MILLS**

IN SUPPORT OF MOTION TO DISQUALIFY JUDGE ANA C. REYES

**PURSUANT TO 28 U.S.C. § 144**

---

I, Nahvarj Ellijah Ray Mills, declare under penalty of perjury that the following statements are true and correct and based on my personal knowledge:

---

## 1. IDENTITY AND CAPACITY

I am the defendant in United States v. Mills, Case No. 24-cr-332 (ACR), pending in the United States District Court for the District of Columbia. I submit this affidavit pro se.

---

## 2. SEVERE TRAUMATIC BRAIN INJURY (Clarification of Impact Only)

On August 22, 2021, I suffered a severe traumatic brain injury involving frontal-lobe injury, intracranial hemorrhage, and polytrauma. As a result, I experience documented neurological impairments affecting executive functioning, impulse control, emotional regulation, and stress response, particularly in sudden or confrontational situations.

These impairments do not affect my intelligence, my ability to understand court proceedings, or my ability to accurately recall and describe events I personally experienced. However, when confronted unexpectedly by authority figures in high-stress

RECEIVED
DEC 16 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

custodial settings, my neurological injury can cause fear, confusion, slowed processing, and involuntary stress responses. These reactions are neurological in origin and not willful behavior.

I have been subjected to two formal competency evaluations during these proceedings. Those evaluations addressed my ability to understand the proceedings and assist in my defense. My traumatic brain injury has never prevented me from understanding events I personally experienced or from accurately describing them.

---

## 3. EXTRAJUDICIAL HOLDING-CELL ENCOUNTER

On or about October 24, 2024, or November 14, 2024, while I was in custody in the courthouse holding-cell area behind the courtroom, Judge Ana C. Reyes entered the secured detention area and approached me while I was restrained. My attorney was not present, and no court reporter was present.

Judge Reyes was wearing civilian clothing rather than a judicial robe, which I recall as jeans and a black or dark-colored shirt, and she was holding what appeared to be a small white index card or piece of paper.

Judge Reyes spoke to me off the record. During this encounter, she stated words to the effect of, "You are not leaving my courtroom a free man," and referred to me as a "menace to society."

I was frightened by this interaction. Because of my severe traumatic brain injury, being confronted unexpectedly by the presiding judge in a custodial setting caused fear, confusion, and an impaired ability to process events in the moment.

---

## 4. FALSE ACCUSATIONS OF CRIMINAL CONDUCT DURING TRIAL

During trial, Judge Reyes twice accused me in open court of serious misconduct that never occurred.

First, Judge Reyes stated that I had told witness Angel Hodges to "*delete her iCloud or her iPhone*", thereby accusing me of witness or evidence tampering. I never made such a statement. When Angel Hodges later testified under oath, she confirmed that I never told her to delete anything. Judge Reyes then stated that she had "*misspoken*."

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Second, Judge Reyes stated in open court words to the effect of, "*Isn't he on video with this revolver?*" No such video exists, no witness testified to the existence of such a video, and no evidence supported that statement. Judge Reyes again stated that she had "*misspoken*."

Because these accusations were repeated and were not based on anything that occurred in court or in the evidence, I reasonably questioned whether Judge Reyes had formed negative and prejudicial beliefs about me unrelated to the evidence presented at trial.

---

## 5. EFFORTS TO RAISE THE ISSUE AND DENIAL OF OBJECTIVE EVIDENCE

In or about November 2024, shortly after the holding-cell encounter, I informed my attorney that Judge Reyes had entered the secured detention area and spoken to me off the record without counsel present. At that time, I had already been in pretrial detention since February 7, 2024.

My attorney did not dispute that the encounter occurred, but advised me that seeking reassignment or formally raising the issue at that time would likely result in the loss of my Speedy Trial Act rights and delay my trial for several additional months, potentially until June or July 2025. Relying on counsel's advice and wishing to avoid further prolonged pretrial detention, I did not pursue reassignment at that time.

After trial, while represented by new counsel, the issue was raised again. On July 9, 2025, my second attorney sought a Rule 17(c) subpoena for courthouse surveillance video that would objectively show whether Judge Reyes entered the secured detention area and interacted with me off the record.

During an August 21, 2025 hearing, I stated in open court that Judge Reyes had entered my holding-cell area, stated words to the effect that I would not leave her courtroom a free man, and referred to me as a menace to society while I was restrained in custody. Judge Reyes did not deny entering the holding-cell area or speaking with me there, but instead attempted to explain her actions by stating that she went there to explain court procedure. Judge Reyes then personally denied the subpoena request seeking the surveillance footage.

---

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

### 6. BASIS FOR DISQUALIFICATION

Based on:

1. the off-record holding-cell encounter while I was restrained and without counsel present;

2. Judge Reyes appearing in civilian clothing rather than a judicial robe and speaking to me off the record in a custodial setting;

3. Judge Reyes stating that I was not leaving her courtroom a free man and referring to me as a menace to society;

4. her repeated false accusations during trial of serious misconduct that never occurred;

5. her acknowledgment that she entered the holding-cell area and spoke to me off the record; and

6. her decision to personally deny a subpoena seeking objective video evidence of an incident in which she was personally involved;

I believe that a reasonable person would question Judge Reyes' impartiality. I therefore submit this affidavit in support of my motion to disqualify Judge Ana C. Reyes pursuant to 28 U.S.C. § 144.

---

### 7. TIMELINESS

I submit this affidavit at the earliest practicable time after understanding the full scope and significance of the facts described herein. Although the holding-cell encounter occurred in October or November 2024, I was advised by counsel at that time that raising the issue would likely result in loss of my Speedy Trial Act rights and prolonged pretrial detention. The significance of the issue was confirmed on August 21, 2025, when Judge Reyes personally denied a Rule 17(c) subpoena seeking objective evidence of her own extrajudicial conduct. I bring this affidavit promptly thereafter.

---

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

## 8. DECLARATION

I submit this affidavit in good faith and not for purposes of delay. Because I am proceeding pro se, no certificate of counsel accompanies this affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of December 2025.

---

________________________________

Nahvarj Ellijah Ray Mills Defendant, pro se

---

I declare under penalty of perjury that the foregoing is true and correct.

This affidavit was prepared based on the declarant's own statements and adopted by him as true and correct prior to execution.

Executed on this 12th day of December 2025.

Signature affixed by ________________________________

Lissa Dawn Cales Dickerson, at the express direction of Nahvarj Ellijah Ray Mills, who is physically unable to sign due to documented neurological traumatic brain injury with polytrauma